**W. J. RUSCOE COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 18286.**

United States Court of Appeals
Sixth Circuit.

Feb. 7, 1969.

Charles R. Iden, Akron, Ohio, for petitioner; Brouse, McDowell, May, Bierce & Wortman, Robert S. Carabell, Akron, Ohio, on brief.

Marion Griffin, N. L. R. B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Lawrence M. Joseph, J. Richard Thesing, Attys., N. L. R. B., Washington, D. C., on brief.

Before WEICK, Chief Judge, and PHILLIPS and COMBS, Circuit Judges.

COMBS, Circuit Judge.

The National Labor Relations Board found that petitioner, W. J. Ruscoe Company, violated Section 8(a) (1) of the National Labor Relations Act by (1) giving written notice of termination of employment to seven striking employees; (2) threatening that those employees who participated in union activity would be fired or "blackballed" if they later applied for references; (3) conditioning an employee's right to discuss the union during coffee breaks on an absence of complaints from other employees; and (4) discharging and refusing to reinstate two employees at the strike's conclusion. In so finding, the Board reversed the Trial Examiner's recommended dismissal of the complaint. The Board's order is reported at 166 N.L.R. B. No. 75. It directs the company to cease and desist from its unfair labor practices, to reinstate the two discharged employees with back pay, and to post appropriate notices. The company petitions for review of the order and the Board cross-petitions for enforcement.

In August, 1966, petitioner discontinued its second shift and transferred all employees to one shift; employee Justice was one of those transferred, but at a reduced hourly rate. Several employees, apparently believing that the pay reduction was prompted by Justice's union activity, instituted a strike in protest against the company's action. The Regional Director refused, however, to issue a complaint on this charge.

During the course of the ensuing strike, the company discharged six employees for misconduct on the picket line. No complaint was issued as to three of these terminations, and one employee was reinstated by informal agreement. The remaining two employees, Johnson and Six, were ordered reinstated, and it is their status that we are primarily concerned with on this appeal; the other findings of the Board are supported by substantial evidence.

The essential facts are for the most part not in dispute. The company based its discharge of Johnson and Six principally on their involvement in two incidents. The first involved a group effort to push and rock a car and to block its ingress into petitioner's plant. Johnson and Six both participated to some extent in this incident. These same two employees were also found in contempt of state court for violating an injunction limiting the number of pickets and prohibiting interference with ingress and egress.

The second incident involved only employee Six who was in a group which pulled a truck driver from the cab of his truck at petitioner's plant. Some member of this group also threw a bottle against the truck thereby shattering a window. Employee Six threw gravel at a supervisor who was taking photographs of the incident.

The involvement of Johnson and Six is demonstrated not only by the testimony, but also by photographs taken at the time which vividly show their participation. The Board recognized that the conduct of the group was improper and that some of the participants thereby forfeited any right to reinstatement, but concluded, nevertheless, that the conduct

of Johnson and Six was not serious enough to justify discharge and refusal to reinstate.

■ Ordinarily, striking employees have a right to reinstatement at a strike's conclusion when their positions have not been permanently filled in the meantime. National Labor Relations Board v. Robinson, 251 F.2d 639 (6th Cir. 1958). However, a striking employee's misconduct may justify an employer's refusal to reinstate. 29 U.S.C. § 160(c). The question in each case is whether, under the circumstances, the alleged misconduct of the striker is sufficient to justify the refusal to reinstate.

■ Strikers may, of course, attempt to persuade non-strikers to join their protest, but such efforts must be confined within reasonable limits if they are to be protected. Oneita Knitting Mills, Inc. v. N. L. R. B., 375 F.2d 385 (4th Cir. 1967). Those who impede the free flow of traffic into or from a struck plant exceed such reasonable limits. The photographs clearly show that Johnson and Six infringed upon the right of nonstrikers to continue working during the strike by interfering with their access to the plant. Obviously, one who throws gravel and other debris at those not sympathetic with his views likewise exceeds reasonable limits. Employee Six admittedly engaged in such conduct.

■ The photographs show that both Johnson and Six were participants in groups which exceeded the permissible scope of picket activity. Those who actively cooperate with such offenders are equally to blame and likewise forfeit their right to reinstatement. Oneita Knitting Mills, Inc. v. N. L. R. B., supra; National Labor Relations Bd. v. Longview Furniture Co., 206 F.2d 274 (4th Cir. 1953). This type behavior clearly lies outside that class of exuberant or impulsive conduct which the Board argues must be protected to carry out the policies of the Act.

■ Considering the record in general and the photographs in particular, we fail to find substantial evidence to support the Board's decision that the company unjustifiably discharged the two employees Johnson and Six; to the contrary, the record affirmatively and conclusively shows these two employees guilty of misconduct of sufficient gravity to justify the company's refusal to reinstate.

The Board's order will be enforced with the exception that reinstatement of employees Johnson and Six is denied.