**DRYDEN MANUFACTURING COMPA-
NY, Inc. d/b/a Atlas Truck Body Man-
ufacturing Company, Petitioner, Cross-
Respondent,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent, Cross-
Petitioner.**

**No. 27314.**

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1970.

---

C. Dale Stout, New Orleans, La., Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for petitioner.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Lawrence I. Kipperman, Herman M. Levy, Attys., N. L. R. B., Washington, D. C., John J. A. Reynolds, Jr., Director, 26th Region, N. L. R. B., Memphis, Tenn., for respondent.

Before RIVES, BELL, and DYER, Circuit Judges.

BELL, Circuit Judge:

Dryden, the employer, petitions to review and set aside an order of the Labor Board. The Board seeks enforcement of the same order. We grant enforcement of the order to the extent that the company was found to have violated § 8 (a) (1) of the Act. 29 U.S.C.A. § 158 (a) (1). The order as it relates to the violation of § 8(a) (3) and (1) of the Act, by the discharge of employee Harmon will also be enforced. 29 U.S.C.A. § 158(a) (3) and (1). It follows that the petition to review and set aside will be denied in these respects. There is abundant support in the record, considered as a whole, for these portions of the order.

This leaves one question for decision: Whether substantial evidence on the record considered as a whole supports the Board's finding that the Company discharged employee Sandlin in violation of the Act. The Trial Examiner held that the company did not violate the Act in this discharge but the Board disagreed. We conclude that the record will not support the Board's finding as to this discharge. Enforcement will thus be denied as to this part of the order and the petition to set aside will be granted as to the discharge of Sandlin.

We find that the Company opposed unionization and that the Company had knowledge of the union activities of Sandlin prior to his discharge. The Trial Examiner so held. The crux of the difference between the Trial Examiner and the Board comes in credibility choices.

█ The rule is that the superior advantage of the Trial Examiner in making credibility choices is not to be disregarded but, on the other hand, is to be weighed as a factor in considering whether substantial evidence, on the record considered as a whole, supports a conclusion of the Board. Universal Camera Corp. v. NLRB, 1951, 340 U.S. 474, 496–497, 71 S.Ct. 456, 95 L.Ed. 456. As Judge Wisdom stated for the court in NLRB v. Dell, 5 Cir., 1960, 283 F.2d 733:

"* * * Weight should be given the finding of a Trial Examiner on a matter involving the credibility of witnesses, but the Court still must determine if the *Board's* findings are supported by 'substantial evidence on the record considered as a whole.'" 283 F.2d at 735.

██ We test the Board's finding in this frame of reference and also in light of the rule that the burden of proof is upon the General Counsel to prove that the purpose of the discharge was to interfere with rights accruing to Sandlin under the Act. The burden of proof is carried only when substantial evidence pointing toward an unlawful motive appears from the record taken as a whole. NLRB v. I. V. Sutphin Co.-Atlanta, Inc., 1967, 373 F.2d 890, 893.

Sandlin was a prime mover in the unionization effort. This was known to at least one supervisory employee and it could be inferred from this, and because the plant involved was small (25 employees), that top management knew of his activities. The examiner heard the testimony of Sandlin, and the plant manager who discharged Sandlin. The testimony of each points only to discharge for cause.

It is undisputed that Sandlin, due to commence working at 7:00 A.M., reported at 6:45 A.M. and asked his foreman for permission to go to a neighboring city to pick up glasses for his son from a doctor. It is not clear whether the son was to accompany him. At any rate, permission was granted. He was told to hurry back as there was a lot of work to do. The Company was having a problem with absenteeism and was engaged in a crackdown on chronic offenders. Sandlin was reminded that he had been out one day during the past week; that the plant was behind on roofing (a trailer manufacturing plant); and that he was badly needed. Sandlin replied that the trip could not wait. Sandlin called the doctor at his office shortly after 7:00 A.M. but received no answer. He then attended to other personal business and returned to the plant at approximately 10:00 A.M. His foreman, meanwhile, checked and found that Sandlin did not go to see the doctor. Other absentees had been checked in the past. Sandlin stated, upon returning, that he had been to the doctor and had obtained the glasses. However, an hour or so later, Sandlin made a full disclosure of his activities of the morning to the plant manager.

During the afternoon, following a management conference with Sandlin and his foreman, and during which these facts were not contested, Sandlin was discharged for failing to be truthful regarding his leave from duty, and for reasons of plant discipline in maintaining work attendance.

█ The Trial Examiner, on these facts, credited the testimony of the plant manager that Sandlin was discharged only for the reason of his conduct in falsifying his absence from work and in the interest of enforcing plant attendance discipline. The inferences to be drawn from Sandlin's union activity and the opposition of the employer to unionization do not rise to the level of substantial evidence in the face of the facts surrounding the discharge, the contem-

poraneous disciplinary campaign to improve plant attendance, and the credibility findings of the Examiner. On this record the conclusion of the Board as to Sandlin cannot stand.

Petition to set aside granted in part and denied in part; cross-petition to enforce granted in part and denied in part.