The **FIRESTONE TIRE & RUBBER COMPANY**, Petitioner, Cross-Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD**, Respondent, Cross-Petitioner.

No. 71–1004.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1971.

George W. Brown, Jr., Beaumont, Tex., W. D. Deakins, Jr., John H. Smither, Houston, Tex., for petitioner; Vinson, Elkins, Searls & Smith, Houston, Tex., of counsel.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Clifford Potter, Regional Director, N.L.R.B., Region 23, Houston, Tex., Leonard M. Wagman, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Howard C. Hay, Atty., N.L.R.B., for respondent.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Firestone Tire & Rubber Company petitions to review and set aside an order of the National Labor Relations Board which found the Company guilty of violations of Sections 8(a) (1) and (3) of the National Labor Relations Act [29 U.S.C. § 158(a) (1), (3)] by refusing to reinstate Jerald Whitehead, an employee of the Company. The Board ordered that the Company offer Whitehead immediate and full reinstatement. The Board has cross-petitioned for enforcement.

This case arose out of incidents occurring during an economic strike conducted by the Oil, Chemical and Atomic Workers International Union, AFL–CIO, Local No. 4–23 at the Company's plant at Orange, Texas. At the conclusion of the strike the Company rejected Whitehead's request for reinstatement on the ground that he had engaged in strike misconduct which relieved the Company of its duty to reinstate him. The Trial Examiner found the Company's action in this respect justified. The Board disagreed. The sole issue before us is whether there is substantial evidence on the record as a whole to support the Board's finding. Universal Camera Corp. v. National Labor Rel. Bd., 340 U. S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). We find no such substantial evidence and therefore deny enforcement.

The record shows that Whitehead was among numerous employees in a bargaining unit represented by the Union who engaged in a ten-month long economic strike. Mass picketing occurred which was accompanied by numerous acts of intimidation and harassment against nonstriking employees and supervisory personnel, in which Whitehead actively participated.

■ On the basis of the following incident alone, the Trial Examiner found that Whitehead was guilty of serious misconduct which warranted his termination: On June 16, 1967, Whitehead and another striking employee were standing at the side of the plant access road when David Moncrief, a senior lab technician of the Company, approached the site in his automobile as he was leaving the plant for the day. Moncrief was accompanied by his wife and child, and as he proceeded to leave the plant, Whitehead and his companion began shouting obscenities and using vulgar hand signs. Moncrief returned to the plant, ascertained the identity of Whitehead, reported the incident and again started to leave the plant with his family. On this occasion, Whitehead and the other employee again began to curse, and Whitehead approached the car and told Moncrief that if he, Moncrief, "did anything he was going to get my * * * ass." We conclude, as did the Trial Examiner, that this vulgar invective was a threat of physical harm and constituted serious misconduct warranting Whitehead's termination. The Board disagreed with the Trial Examiner's conclusion because of the "vague and ambiguous nature of the remark." Despite the circumscribed judicial review allowed by *Universal Camera,* we are unable to find substantial evidence to justify the Board's interpretation—in opposition to its Trial Examiner—of Whitehead's remarks and related activities. The record further shows additional serious misconduct on the part of Whitehead sufficient to warrant the Company's refusal to reinstate him. On August 28, 1967, Whitehead curbed a vehicle of a nonstriking employee along a public highway in such a manner as to require the driver of the car to stop in order to avoid striking Whitehead's car, after which Whitehead alighted and unsuccessfully ordered the driver to get out of his car. On another occasion, Whitehead joined two carloads of strikers in an effort to intimidate a potential witness from appearing at a federal court injunction proceeding in connection with the existing strike. Whitehead was a passenger in one of two cars traveling about 70 miles an hour, whose drivers, by maneuvering and crossing in front of the witness, refused to let him

pass. The witness considered the incident serious enough to seek aid at a police station. Another witness testified that Whitehead and several other employees stopped his car as he was attempting to leave the plant, and Whitehead jerked open the car door and ordered him to get out.

The safeguard against discrimination in reinstatement, accorded to an employee who engages in an economic strike, is a qualified one. He has no absolute right to reinstatement. National Labor Relations Bd. v. Mackay R. & Tel. Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938); General Electric Co., Battery Prod., Cap. Dept. v. N.L.R.B., 5 Cir., 1968, 400 F.2d 713. The record before us shows no evidence of hostile employer motivation in refusing to reinstate Whitehead which would support a conclusion of Section 8(a) (1) violation. Nor are there present the necessary elements for a finding of Section 8(a) (3) violations, such as discrimination resulting in discouragement of union membership or unlawful intent. See N.L.R.B. v. Brown, 380 U.S. 278, 85 S. Ct. 980, 13 L.Ed.2d 839 (1965). An employer may discharge for good cause, bad cause or no cause at all, without violating the Act, as long as his motivation is not antiunion discrimination and the discharge is not punitive for legitimate concerted activities protected under the Act. See N.L.R.B. v. Borden Company, 5 Cir., 1968, 392 F.2d 412; United States Rubber Company v. N.L.R.B., 5 Cir., 1967, 384 F.2d 660. Some element of antiunion animus is necessary in order to justify a finding of an unfair labor practice. N.L.R.B. v. Red Top Cab & Baggage Co., 5 Cir., 1967, 383 F.2d 547. In regard to the Company's refusal to reinstate Whitehead, we fail to find any unlawful intent or activity prohibited by the Act, which would cause the Board to conclude that the Company violated Section 8(a) (1) and (3) of the Act. The evidence supporting the Board's order lacks the substantiality required under *Universal Camera*.

Enforcement denied.