**SEMINOLE ASPHALT REFINING, INC., Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 73-3676.

United States Court of Appeals, Fifth Circuit.

July 18, 1974.

Warner S. Currie, Walter O. Lambeth, Jr., Victor A. Cavanaugh, Atlanta, Ga., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Peter Carre, Atty., N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., for respondent.

George C. Longshore, Birmingham, Ala., for intervenor United Steelworkers.

Before TUTTLE, WISDOM and GEE, Circuit Judges.

TUTTLE, Circuit Judge:

In this appeal, Seminole Asphalt Refining, Inc. (the Company) petitions for review of the Board's decision finding a violation of sections 8(a)(1) and (3), 29 U.S.C.A. §§ 158(a)(1) and (3), unfair labor practices, and ordering the Company to reinstate injured employees with back pay. The Board has filed a cross-petition for enforcement. We grant enforcement in part.

The Company operates a small independent refinery for the production and sale of asphalt, asphalt roofing materials, jet fuels, jet oil, and emulsion, with a total staff of fifty-four employees. The present controversy arises out of an effort by the United Steelworkers of America (the Union) during late January, early February, 1972, to organize the Company's employees.

The Board in its conclusions adopted the major portion of the administrative law judge's findings. The Company was found to have violated section 8(a)(1) when its supervisory personnel, on learning of the organizing effort, coerced employees through interrogation, threats, and the creation of the impression of surveillance in order to deter Union organizing. The Company does not challenge this finding.

A section 8(a)(3) and further (a)(1) violation arose when the Company laid off three employees who were the most ardent in organizing and supporting the Union. The other pro-Union employees then went on strike to protest their discharge. The Board found that since the discharges were unlawful under sections 8(a)(1) and (3),[1] the striking employees had the status of unfair labor practice strikers. Accordingly, the Company was under a legal obligation to reinstate them to their former or substantially equivalent jobs upon their unconditional application for reinstatement.[2] The Board considered the subsequent Union's letter of March 24 a valid request for reinstatement of the strikers, and on the Company's failure to respond completely, held the Company liable for back pay.

While we enforce the Board's order to the extent discussed above, an additional problem arises concerning the Company's claim that three striking employees were not entitled to reinstatement or back pay because they had engaged in strike misconduct.[3] The administrative law judge had determined that employee Giddens had been implicated in the throwing of a brick at the window of one of the Company's trucks while it was making deliveries, and that employees Cooksey and Rentz had tossed

1. NLRB v. Burnup and Sims, Inc., 379 U.S. 21, 85 S.Ct. 171, 13 L.Ed.2d 1 (1964); NLRB v. Fansteel Corp., 306 U.S. 240, 59 S.Ct. 490, 83 L.Ed. 627 (1939); NLRB v. Birmingham Publishing Co., 262 F.2d 2 (5th Cir. 1958).

2. NLRB v. Fleetwood Trailer Co., 389 U.S. 375, 88 S.Ct. 543, 19 L.Ed.2d 614 (1967); Serv-Air, Inc. v. NLRB, 395 F.2d 557 (10th Cir. 1968), cert. denied, 393 U.S. 840, 89 S.Ct. 121, 21 L.Ed.2d 112 (1968); NLRB v. Birmingham Publishing Co., *supra*, 262 F.2d 2.

3. *See* W. J. Ruscoe Co. v. NLRB, 406 F.2d 725 (6th Cir. 1969); Oneita Knitting Mills v. NLRB, 375 F.2d 385 (4th Cir. 1967). *Cf.* NLRB v. Electrical Workers, 346 U.S. 464, 74 S.Ct. 172, 98 L.Ed. 195 (1953).

cherry bombs onto Company property in the vicinity of storage tanks containing flammable petroleum. The Board held contrary to the administrative law judge's finding and reinstated all three employees with back pay.

 The Board's decision that employee Giddens was not implicated in strike misconduct is not supported by substantial evidence on the record as a whole. 29 U.S.C.A. § 160(f).[4] The contrary conclusions of the administrative law judge do not modify the standard, the substantial evidence test, used to review the findings of the Board.[5] Utilizing the substantial evidence test, the administrative law judge's decision is rather weighed against the findings of the Board. The resolution of this issue rests directly on the inferences on credibility which the administrative law judge through her observations was peculiarly able to determine. Ascribing the proper weight to the administrative law judge's credibility determination,[6] Universal Camera Corp. v. NLRB, *supra,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, we conclude that there is not substantial evidence to support the Board's decision that Giddens was not involved in the throwing of the brick.

The Board did not find contrary to the administrative law judge that employees Cooksey and Rentz had committed the charged misconduct. The Board rather balanced the severity of the employer's unfair labor practices which precipitated the strike, against Cooksey's and Rentz' dangerous acts. Since the Board did not reverse the administrative law judge on a question of credibility and since the Board bears the responsibility for striking the balance on this legal issue, little importance is attached to this difference of opinion.[7]

However, the Board's determinations must fall on other grounds. Because of the potential violent and dangerous consequences inherent within these employees' acts of misconduct, their actions cannot be condoned. For that reason, we find that the violent and dangerous nature of the acts of the employees outweighs the unfair labor practices of the Company. Firestone Tire and Rubber Co. v. NLRB, 449 F.2d 511 (5th Cir. 1971); NLRB v. Bin-Dicator Co., 356 F.2d 210, 212–213, 215–216 (6th Cir. 1966).

Enforcement of the Board's order is granted in part and denied in part.

---

4. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

5. NLRB v. Federal Pacific Electric Co., 441 F.2d 765 (5th Cir. 1971); Dryden Manufacturing Co. v. NLRB, 421 F.2d 267 (5th Cir. 1970); Nix v. NLRB, 418 F.2d 1001 (5th Cir. 1969); NLRB v. Aycock, 377 F.2d 81

(5th Cir. 1967); NLRB v. Dal-Tex Optical Co., 325 F.2d 78 (5th Cir. 1963) (per curiam).

6. *See* the cases cited in note 5, *supra.*

7. Crown Central Petroleum Corp. v. NLRB, 430 F.2d 724, 730, n. 23 (5th Cir. 1970).