**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OTSEGO SKI CLUB—HIDDEN VALLEY, INC., Respondent.**

No. 75–2057.

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1976.

Decided Sept. 9, 1976.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., David A. Fleischer, Washington, D. C., Bernard Gottfried, Director, Region 7 N. L. R. B., Detroit, Mich., for petitioner.

Douglas C. Dahn, Tolleson, Burgess & Mead, Detroit, Mich., for respondent.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PER CURIAM.

This case is before the court on the application of the National Labor Relations Board for enforcement of its order reported at 217 N.L.R.B. No. 64. Reference is made to the decision of the Board for a recitation of pertinent facts.

The company operates a resort hotel and restaurant at Gaylord, Michigan. About August 10, 1973, the company's employees commenced an economic strike to protest delays in arranging a representation election sought by the union. On September 12 the company discharged seven employees for misconduct during the strike. The Board ordered the reinstatement of four of these employees.

As to three of the discharged employees, Joseph Prusakiewicz, Stanley Slesinski and Helen O'Rourke, the Board held that they had not engaged in misconduct sufficiently serious to warrant discharge. The record shows that Prusakiewicz and Slesinski acted as lookouts while fellow picketers spread nails in the primary driveway entrance of the company, and that they harassed and "tailgated" employee Irving Stone on five consecutive days. The record further shows that Helen O'Rourke threw an egg, striking the windshield of the vehicle of a fellow employee, Richard Gray, occupied by him and his two daughters, who were not employees.

Shirley Samkowiak was discharged for placing nails in the driveway. Two Pinkerton security guards testified affirmatively as to her actions. The Administrative Law Judge credited the uncorroborated denial of Samkowiak, who testified that she was not on the picket line on the day in question. Under comparable circumstances this court has held that the uncorroborated testimony of a party who stands to benefit from an award of reinstatement and back pay should be subjected to strict scrutiny. *N.L. R.B. v. Elias Brothers Big Boy, Inc.,* 327 F.2d 421 (6th Cir. 1964).

We conclude that the decision of the Board in ordering the reinstatement of Prusakiewicz, Slesinski, O'Rourke and Samkowiak is not supported by substantial evidence on the record considered as a whole. *Universal Camera Corporation v. N.L.R.B.,* 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Enforcement is denied as to that part of the decision of the Board ordering the reinstatement of these four employees with back pay. In all other respects we conclude that the decision of the Board is supported by substantial evidence and enforcement is granted.

No costs are taxed. Each party will pay its own costs in this court.