**DeLOREAN CADILLAC, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

No. 77–1518.

United States Court of Appeals,
Sixth Circuit.

Feb. 14, 1980.

M. Alfred Roemisch, Donald N. Jaffe, Roemisch & Wright, Cleveland, Ohio, for petitioner.

Elliott Moore, Associate Gen. Counsel, Peter Bernstein, Susan McDonald, Deputy Associates Gen. Counsel, N.L.R.B., Washington, D.C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for respondent.

Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

Petitioner, DeLorean Cadillac, Inc., seeks a review of a supplemental decision and order of the National Labor Relations Board reported at 231 N.L.R.B. 329 (1977). The NLRB, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. §§ 151–169, applies for enforcement of that order awarding back pay to Stanley Loch and Robert Rice, former automobile salesmen for DeLorean Cadillac. The supplemental order followed the Board's finding that DeLorean had violated Sections 8(a)(1) and 8(a)(3) of the Act by discriminatorily discharging Loch and Rice.[1] The supplemental order awarded Loch $35,841.60 in back pay and Rice $3,215.74, with interest at 6% per annum.

Loch was a car salesman at DeLorean and its predecessor for seven years, with over sixteen years experience. He was discharged on July 10, 1974, with his back-pay period ending on November 24, 1975, when he was ordered reinstated. Rice had eighteen years of experience and had worked at DeLorean for three years when he was discharged on May 17, 1974. His back-pay period ended on July 15, 1974, when he found other employment and moved to Florida.

DeLorean contends that several of the Board's findings and conclusions were erroneous. This Court is guided by the "substantial evidence" standard, deferring to the Board's decision if supported by such evidence. 29 U.S.C. § 160(e); *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The Board concluded that Loch had made a reasonable effort to find employment between July 1974 and November 1975. However, the Board's reliance on the bare testimony of Loch himself is not warranted based upon the record as a whole. This Court has held that the uncorroborated testimony of a party who stands to benefit from an award of reinstatement or back pay should be subject to strict scrutiny. *N.L.R.B. v. Elias Brothers Big Boy, Inc.*, 327 F.2d 421 (6th Cir. 1964); *N.L.R.B. v. Otsego Ski Club Hidden Valley, Inc.*, 542 F.2d 18 (6th Cir. 1976). He produced no corroborating witnesses or tangible evidence of his efforts to secure a sales position with local auto dealers. He supposedly made thirty contacts with auto dealers, but he never filed an application or left a business card. None of the sales managers or owners who testified, fourteen in all, recalled talking to Loch about a job during that period. The Board's finding that Loch was reasonably diligent in seeking employment is not supported by substantial evidence. DeLorean met its burden of proving that Loch breached his duty to mitigate his losses.

The company offered to reinstate Loch at an equivalent position in August 1975, although the Board found otherwise. He was initially offered a position as a used car salesman, that being the only position available at the time. A restructured sales force

[1]. The Board's decision finding DeLorean in violation of Sections 8(a)(1) and 8(a)(3) is reported at 218 N.L.R.B. 1362 (1975).

**556**

meant that everyone sold new and used cars. Thus, Loch was in fact offered an equivalent position. As for Robert Rice, DeLorean contends that his inability to find employment resulted from his plan to move to Florida. However, Rice had been wrongfully discharged and his efforts to find interim employment were reasonably diligent. He produced documents and a corroborating witness on his behalf. Substantial evidence therefore supports Rice's efforts and the Board's order in that regard must be upheld.

The formula adopted by the Board to determine Rice's back pay adequately measures his salesmanship abilities. *See Isthmian Lines, Inc.*, 220 N.L.R.B. 698 (1975).

The order of the Board awarding to Rice back pay is enforced, but enforcement of the order as to Loch is denied.