**STAR MEAT COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 78–1438.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 19, 1980.

Decided Nov. 4, 1980.

Joseph P. Carey, Tarrytown, N. Y., Fred Elarbee, Jr., David M. Vaughan, Elarbee, Clark & Paul, Atlanta, Ga., for petitioner.

Elliott Moore, Carol A. DeDeo, Deputy Associate Gen. Counsel, Patricia Cornwell Matthews, N. L. R. B., Washington, D. C., for respondent.

Before WEICK and JONES, Circuit Judges, and DUNCAN, District Judge.*

PER CURIAM.

Star Meat Co. (Star Meat), appeals from an order that it violated Section 8(a)(1) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 *et seq.* by discharging an employee because of his picketing activities. 237 NLRB 132. The National Labor Relations Board (the Board) has cross petitioned for enforcement of its order. For the reasons set forth below, we grant enforcement.

Zivko Dimovski participated in an economic strike with other employees at Star Meat's Warren, Michigan plant. On May 11, 1977, the second day of the strike, Dimovski, who did not speak English well, attempted to prevent a non–striking re-

---

* Robert M. Duncan, District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

placement employee from going to work by grabbing him, asking him "where are you going," and pushing him about four or five feet backward. Dimovski claims that he was not aware that he could not physically restrain non–striking employees until he was so informed by union counsel the day after this incident. On May 13, Star Meat discharged Dimovski. He was reinstated on July 9. After a hearing, an Administrative Law Judge held that Star Meat's discharge of Dimovski violated the Act. Star Meat was ordered to make Dimovski whole for any loss of earnings suffered as a result of his discharge. On appeal, Star Meat argues that Dimovski's violent activities justified his discharge. We disagree.

 Physical violence on the part of striking employees is sufficient to remove such employees from the protection of the Act. *NLRB v. Moore Business Forms*, 574 F.2d 835 (5th Cir. 1978); *Jerr–Dan Corp.*, 237 N.L.R.B. 49, 98 L.R.R.M. 1569 (1978). However, not every violent or unlawful act committed in the course of activity protected by Section 7 of the Act, deprives the employee of the protective mantle of the Act. *Ohio Power Co. v. NLRB*, 539 F.2d 575, 578 (6th Cir. 1976).

Neither the Board nor this Circuit has adopted a per se rule as to all violence by striking employees. *Id.* Employees who engage in unlawful activities against either fellow employees or an employer's property may lose the protection of the Act. The determination of whether employees have exceeded acceptable limits must initially rest "with the Board, and its determination unless illogical or arbitrary, ought not be disturbed." *Ohio Power Co. v. NLRB*, 539 F.2d at 578 (quoting *NLRB v. Hartmann Luggage Co.*, 453 F.2d 178, 183–184 (6th Cir. 1971)). The Board's determination that Dimovski's actions were not egregious enough to remove him from the protection of the Act is supported by substantial evidence. The actions by the employee were limited in time and did not induce violent retaliation by other employees. Dimovski's limited language ability of Dimovski and his stated ignorance of the Act's provisions

are additional factors supporting the Board's conclusions. Though neither we nor the Board condone violence, when violent or unlawful acts are of a minor nature or are prompted by improper employer activity, will we enforce the Board's orders reinstating discharged employees or granting back pay. *NLRB v. Moore Business Forms*, 574 F.2d 835 (5th Cir. 1978); *Coronet Casuals, Inc.*, 207 N.L.R.B. 304, 84 L.R.R.M. 1441 (1973).

Accordingly, the Board's order is ENFORCED.