**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WILKER BROTHERS COMPANY, INC., Respondent.**

No. 79–1174.

United States Court of Appeals, Sixth Circuit.

June 30, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, Patricia Matthews, Robert Sewell, National Labor Relations Bd., Washington, D. C., Raymond A. Jacobson, Director, Region 26, N. L. R. B., Memphis, Tenn., for petitioner.

Gordon E. Jackson, Ted M. Yeiser, Jr., Jackson, Yeiser & Forman, Memphis, Tenn., for respondent.

Before MERRITT, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

The National Labor Relations Board petitions this Court for enforcement of its order dated July 6, 1978 in case No. 26–CA–6388–1,2 holding the respondent, Wilker Brothers Company, Inc., guilty of violating §§ 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), 158(a)(3). The Board found that the company had conducted coercive interrogations and made coercive statements to employees, had made promises of benefits and implemented new benefits to undermine the union organizing effort, had reduced a benefit, and had discharged employee Linda Lewis for union activities. The employer argues the decision of the Board is not supported by substantial evidence.

More specifically, the Board found Vice-President Blumenthal had asked one employee, Linda Lewis, to help her find the "termites" in the plant and offered her a different job that she had wanted. He had told several employees whose names appeared on a union telegram naming the union in-plant organizing committee that they had stabbed him in the back. Blumenthal questioned one employee about charges filed with the Board, told another she was stupid for joining the union and that he would scratch her back if she scratched his when she asked for time off, and questioned others about union activities. Very shortly after the union telegram was posted, the employer announced two new holidays. The next month, Blumenthal announced he was going to lower the prices on the vending machines ten cents (prices had been raised by the supplier several months earlier) and he would pay the difference as another benefit to the employees. He did not say that the difference would be made up by not making the customary contributions to the Helping Hand Fund, a fund which was for employees in need and which had been funded by commissions from the machines. The month before the union telegram was sent, but after the union had

begun organizing, the employer had announced new insurance benefits.

The Administrative Law Judge (ALJ) found that these statements were coercive and that they and the granting of these benefits were violations of the Act. The ALJ did not find that the reduction in contributions to the Helping Hand Fund was a violation because the employees did not learn about this action until the hearing on the violations. The Board held this was a violation because it was a reduction in benefits.

The ALJ found that Linda Lewis was discharged due to union activities, although admittedly she had always been a poor worker, because she was discharged shortly after the telegram had been posted and the ALJ discredited the testimony that her work had become worse the last two weeks. The Board issued a cease and desist order and ordered notices to be posted, reimbursements to be made to the Helping Hand Fund, and reinstatement and back pay be granted to Linda Lewis.

The employer argues that the ALJ relied upon the uncorroborated evidence of an interested witness, contrary to the testimony of three witnesses, to award Lewis back pay and reinstatement. It also filed a motion before this Court to remand the reinstatement order to the Board because of newly discovered evidence that Linda Lewis has subsequent to the filing of this appeal been convicted of possessing schedule two controlled substances and of stealing from her employer.

The findings of the Board must be affirmed if supported by substantial evidence. See 29 U.S.C. § 160(e); DeLorean Cadillac, Inc. v. NLRB, 614 F.2d 554, 555 (6th Cir. 1980) (Order). The choice between two conflicting views in the record is for the Board to decide. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

■ This Court has reviewed the record and the decisions by the ALJ and the Board. It concludes that substantial evidence supports the Board's conclusion that the employer conducted coercive interrogations and improperly granted benefits. However, substantial evidence does not support the Board's conclusion that reduction of contributions to the Helping Hand Fund was a violation of the Act. A conferral or denial of benefits prior to an election violates the Act if timed to affect the employees with respect to their union activities. See NLRB v. Exchange Parts Co., 375 U.S. 405, 409–10, 84 S.Ct. 457, 459–60, 11 L.Ed.2d 435 (1964). But, employees can hardly be affected or coerced in their activities with respect to the union if they do not know about the employer's action. Here they were unaware until the hearing that the Helping Hand Fund's contributions were reduced.

■ This Court further finds that no substantial evidence supports the NLRB's finding that Linda Lewis was discharged because of union activities. Her record shows intermittent complaints about her work all along, with three reports written up within two weeks of her discharge date. She admitted never being a very good worker and always being reprimanded (nearly every day), but denied her work worsened. Three of her supervisors testified to the contrary. This Court has held that the uncorroborated testimony of an interested witness who stands to gain from a back pay award should be subject to strict scrutiny. See DeLorean, supra, 614 F.2d at 555. This Court denies reinstatement and back pay to Linda Lewis. This Court need not address the motion to remand based on her criminal convictions.

This Court denies enforcement of the Board's order insofar as it orders reimbursement to the Helping Hand Fund and reinstatement and back pay to Linda Lewis. The Board's order is enforced in all other respects.