## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## NEWTOWN CORPORATION, Respondent.

### No. 80–1761.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1982.

Decided Feb. 25, 1982.

Rehearing Denied March 25, 1982.

**220**

Elliott Moore, Deputy Associate Gen. Counsel, Christine Weiner, N. L. R. B., Washington, D. C., for petitioner.

Donald P. Wagner, Robert F. Houlihan, Stoll, Keenon & Park, Lexington, Ky., for respondent.

Before LIVELY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

The NLRB seeks enforcement of its decision and order reported at 251 N.L.R.B. No. 79 (1980). The Board found that the company had violated section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with a local Teamsters Union. The employer admitted its refusal to bargain, but contended that the Board lacks statutory jurisdiction over it and its employees because of its relationship to the Lexington-Fayette Urban County Government, a political subdivision of the Commonwealth of Kentucky. The employer claimed that it shared the exemption of the political subdivision under section 2(2) of the Act. The employer raised other issues before the Board, but they were not pursued in proceedings before this court.

The employer operates a solid waste transfer station pursuant to a five-year contract with the Urban County Government and it contends that the terms and conditions of the contract would make it impossible for the employer to engage in meaningful collective bargaining. The employer points out that the facility where it carries on its operations is owned by the Urban County Government, that the contract provides that the superintendent of operations may be replaced on demand by the Urban County Government, that the contract provides for monitoring of the operations by two government officials at any time and that the five-year contract provides a fixed fee per ton with no provision for relief if the employer should be required to increase wages as the result of a union's gaining the right to represent its employees. The employer also argues that the Board abused its discretion by determining that it would no longer forego jurisdiction in those cases where an "intimate connection" was found between the purposes of the exempt entity and the services provided by the non-exempt employer. This test was applied by the Board prior to 1979 at which time it concluded that the sole test was whether a private enterprise retains sufficient control over labor relations to carry on effective collective bargaining. See *National Transportation Service*, 240 N.L.R.B. # 99 (1979).

The Board contends that the Urban County Government has no input regarding wages, holidays or other benefits and that the employer retains sole responsibility for hiring and firing and assigning work and settling grievances. On these findings the Board concluded that the employer had retained sufficient control over its labor relations to engage in meaningful collective bargaining.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the Board did not err in exercising its statutory jurisdiction over the employer and its employees. The record does not demonstrate that the employer would be unable to engage in meaningful collective bargaining. See *N. L. R. B. v. Pope Maintenance Corporation*, 573 F.2d 898 (5th Cir. 1978).

The order of the Board is enforced.