**'TOTES' INCORPORATED, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1534.**

United States Court of Appeals, Sixth Circuit.

Sept. 10, 1982.

Mack Swigert, Cincinnati, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Collis S. Stocking, N.L.R.B., Washington, D.C., for respondent.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge; JOHNSTONE,* District Judge.

## ORDER

The question here is whether an employer is justified in suspending petitioner Letitia Beaumont for six weeks because of her activities during a union-sanctioned strike. Beaumont was accused of throwing a firecracker at a supervisor's car, carrying a "club" on the picket line, and for allegedly following a supervisor's car. There is no dispute about the firecracker and "club" carrying incidents; nonetheless, the ALJ and the Board held that such behavior did not exceed the bounds of protected union activities.

Although the incidents regarding "club" carrying and following a supervisor's car may be overstated by the Company and may not themselves constitute unprotected conduct on the part of a striking employee, the firecracker incident appears to exceed such protection. The ALJ's finding that Beaumont threw a lit firecracker which landed near the Supervisor's car is not disputed. See A. 14; 81; NLRB Brief at 11. The ALJ found that no disciplinary action whatever was justified, because in his view, throwing the firecracker was within the scope of protected activity. But this Court has held that "[p]hysical violence on the part of striking employees is sufficient to remove such employees from the protection of the Act." *Star Meat Co. v. N.L.R.B.*, 640 F.2d 13, 14 (6th Cir. 1980).[1]

The determination whether particular acts by striking employees fall within the protection of the labor laws "must initially rest with the Board, and its determination unless illogical or arbitrary ought not to be disturbed." *Id.* at 14. The record reveals that Beaumont's participation in throwing at least one of three lit firecrackers at a convoy of cars carrying non-striking employees at midnight was clearly calculated to instill fear in the employees. Indeed, at least one employee understandably mistook the firecracker explosion for gun shots. Given these facts, the Board acted irrationally and arbitrarily in concluding that Beaumont's acts were within the protection of the labor laws.

Enforcement of the NLRB's order to reimburse Beaumont's back pay should, therefore, be denied.

---

* The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

1. The NLRB has also held that "[a]ctivities by strikers ... calculated to instill fear of physical harm to the nonstrikers, lose the protection of Section 7 of the Act." *Alkahn Silk Label Co.*, 193 N.L.R.B. 167, 175 (1971); *see Carlon, An Indian Head Company*, 239 N.L.R.B. 495, 498 (1978); *Oneita Knitting Mills v. N.L.R.B.*, 375 F.2d 385, 391 (4th Cir. 1967).