NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

NEWTOWN CORPORATION, Respondent.

No. 82–1267.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Pursuant to Rule 9(a) March 30, 1983.

Decided May 3, 1983.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

Donald P. Wagner, Robert F. Houlihan, Stoll, Keenen & Park, Lexington, Ky., for respondent.

Before KENNEDY, MARTIN and WELLFORD, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its September 30, 1981 order finding Newtown Corporation guilty of unfair labor practices in violation of sec-

tions 8(a)(1), (3), and (5) of the National Labor Relations Act. 29 U.S.C. §§ 158 (a)(1), (3), and (5). *See* 254 N.L.R.B. 659 (1981). Finding oral argument unnecessary, 6th Cir.R. 9(a); Fed.R.App.P. 34(a), we now in part grant, and in part deny, enforcement.

Newtown operates a solid waste transfer station in Lexington, Kentucky. Following a December 14, 1979 election, the Board certified Teamsters' Local 651 as the collective bargaining representative for Newtown's production and maintenance employees. Newtown refused to bargain with the union. It took the position that its contractual relationship with Fayette County, Kentucky, a political subdivision exempt from the Act under section 2(2), exempted the company as well. The Board rejected Newtown's argument and, in a decision enforced by us, found that the company's refusal to bargain violated section 8(a)(1) and (5). 251 N.L.R.B. 536 (1980) *enforced NLRB v. Newtown Corporation,* 671 F.2d 219 (6th Cir. 1982).

During the pendency of the above charge, Newtown committed two more acts which the Board, by separate decision, held were unfair labor practices. The Board found, first, that the company's February 29, 1980 wage hike of twenty-five cents per hour violated sections 8(a)(5) and (1) of the Act. Secondly, it found the company had violated sections 8(a)(3) and (1) by failing to reinstate seven employees who had participated in a four-day strike. In addition to issuing a cease and desist order, the Board ordered Newtown to bargain with the union over the pay raise, to reinstate the seven employees with compensation for any losses they may have suffered, and to post an appropriate notice. This decision and order is before us now.

■ Newtown argues here that the pay raise was justified on at least three grounds: (1) the union consented to the raise; (2) the raise was one given at regular six-month intervals and therefore was non-discretionary; and (3) it was granted only after it had been discussed with the union. The administrative law judge, discrediting testimony by Newtown's president and general manager to the contrary, credited testimony by the union business agent that the union had not consented to the raise. However, there was no testimony contrary to that of Newtown's president and vice-president that it was the company's policy to grant a raise every six months, economic conditions permitting. The administrative law judge merely noted President Rose's testimony to the effect that several employees may not have been notified about the policy. In *NLRB v. Allied Products Corp.,* 548 F.2d 644 (6th Cir.1977), we held that a wage increase which represents a unilateral change in the employer's policy or in the conditions of employment violates the Act. *Id.* at 652–653. If, as the evidence here indicates, it is the employer's policy to grant regular, periodic wage increases, to honor that policy by granting the raise is not an unfair labor practice. Because the only testimony on the issue was that of the company's president and vice-president, we simply find insufficient evidence in the record as a whole to support the administrative law judge's implicit determination that this wage increase represented a unilateral change in existing employment policy. Enforcement of that portion of the Board's order is therefore denied.

■ An employer's refusal to reinstate an employee following a strike is an unfair labor practice unless the employer can show "legitimate and substantial business justifications" for its refusal. *NLRB v. Hartmann Luggage Co.,* 453 F.2d 178, 181–82 (6th Cir.1971), *quoting NLRB v. Fleetwood Trailer Co.,* 389 U.S. 375, 378, 88 S.Ct. 543, 545, 19 L.Ed.2d 614 (1967). Misconduct during the strike can be such a justification. *W.J. Ruscoe Co. v. NLRB,* 406 F.2d 725, 727 (6th Cir.1969). In this case, Newtown asserts that the striking employees blocked ingress and egress to its facility and physically threatened a driver hired during the strike. The former allegation is unsupported in the record. The second allegation, even if assumed true, was a minor incident in an otherwise non-violent strike. By itself, it is not sufficient justification to

deny reinstatement. *See Hartmann Luggage Co.,* 453 F.2d at 185; *Kayser-Roth Hosiery Co. v. NLRB,* 447 F.2d 396, 400 (6th Cir.1971). Therefore, we will enforce this portion of the Board's order.

To summarize, that part of the Board's order pertaining to the wage increase is denied enforcement; the remainder of the order will be enforced.