**SCHREIBER MANUFACTURING, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 82–1596, 82–1705.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1983.

Decided Jan. 20, 1984.

Steven J. Fishman, argued, Donald H. Scharg, Bloomfield Hills, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Corrinna Metcalf, argued, Bernard Gottfried, Detroit, Mich., for respondent.

Before CONTIE, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

This case is before the Court on a petition to review and set aside an order of the National Labor Relations Board and the Board's cross-application for enforcement of its order. Reference is made to the decision and order of the Board, reported at 262 N.L.R.B. 1196, for a detailed recitation of pertinent facts.

Schreiber discharged two employees, Windle Pinkston and Dennis Brewer, on charges of picket line misconduct during an economic strike, including the throwing of rocks. The Administrative Law Judge (ALJ) found that the two strikers had thrown unidentified objects, but that it was "impossible to know what the employees threw, how hard they threw, and at what they were throwing," and that "the evidence does not establish that the two employees engaged in conduct of the disqualifying kind."

The Board found that the discharge of the two employees was a violation of §§ 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and 158(a)(3), and ordered reinstatement with back pay. This Court denies enforcement.

I

The economic strike began on July 30, 1980. Pickets blocked the driveway, carrying sticks, clubs and bats. The discharge of the two employees was predicated upon two episodes during the economic strike. On August 1, 1980, John Williams, a private security guard, was driving an automobile escorting a tractor-trailer into the plant. Williams testified that while he was making his way slowly through the pickets, who were blocking his entrance, one striker picked up an object and threw it at the bulletproof windshield of Williams' vehicle from a distance of from four to five feet. Williams later identified this striker as Pinkston, who denied committing the act. The ALJ credited the testimony of Williams and found that Pinkston had thrown an object at Williams' automobile.

The second episode involved both Pinkston and Brewer. On August 4, 1980, the last day of the strike, a "rowdy" group of approximately fifty strikers gathered at the East gate of Schreiber's premises. Police protection was provided for working employees. As working employees entered Schreiber's driveway, pickets attempted to block the entrance. Williams and another security officer, Gerald Packman, were standing in a parking lot near the main office of Schreiber. The two guards testified that they saw Pinkston and Brewer, who were no more than forty yards away, throw something in their general direction. Williams gave an affidavit to the Company stating that the objects hurled were rocks. Packman testified that Brewer's missile hit a car parked near the office. Williams testified that he saw Brewer throw something and heard it make contact as it landed. The guards further testified that they then saw Pinkston throw another object in the general direction of the office, the parked cars, and themselves. Later in the day the security guards found an oversized steel ball bearing near the car that was hit. Both employees denied involvement in these incidents. The ALJ credited the testimony of the security guards and found that the two strikers had thrown an unidentified object in their general direction.

## II

■ Although economic strikers enjoy certain protections under Sections 7 and 8 of the Act, strikers who engage in serious picket line misconduct have been held to forfeit their rights to reinstatement. *NLRB v. Fansteel Metallurgical Corp.,* 306 U.S. 240, 252–255, 59 S.Ct. 490, 494–496, 83 L.Ed. 627 (1939); *Star Meat Co. v. NLRB,* 640 F.2d 13, 14 (6th Cir.1980) ("violence on the part of striking employees is sufficient to remove such employees from the protection of the Act"). *See Ohio Power Co. v. NLRB,* 539 F.2d 575, 578 (6th Cir.1976); and *NLRB v. Otsego Ski Club–Hidden Valley, Inc.,* 542 F.2d 18 (6th Cir.1976) (involving the throwing of an egg by a striker, hitting the windshield of a motor vehicle).

The Labor Management Relations Act provides that "No order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause." 29 U.S.C. § 160(c).

In *W.J. Ruscoe Company v. NLRB,* 406 F.2d 725, 727 (6th Cir.1969), this Court wrote:

> Obviously, one who throws gravel and other debris at those not sympathetic with his views likewise exceeds reasonable limits.

>   \*  \*  \*  \*  \*  \*

> This type behavior clearly lies outside the class of exuberant or impulsive conduct which the Board argues must be protected to carry out the policies of the Act.

>   \*  \*  \*  \*  \*  \*

> Considering the record in general and the photographs in particular, we fail to find substantial evidence to support the Board's decision that the company unjustifiably discharged the two employees ...; to the contrary, the record affirmatively and conclusively shows these two employees guilty of misconduct of sufficient gravity to justify the company's refusal to reinstate.

On the basis of these authorities, we hold that substantial evidence on the record considered as a whole does not support the conclusion that the two employees did not engage in misconduct of sufficient seriousness to justify their discharge. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

## III

Further, the record discloses a misallocation of the burden of proof. The issue of burden of proof in cases of discharge for strike misconduct has been given considerable treatment by the Board and by the courts. Initially, in *Mid-Continent Petroleum Corp.,* 54 N.L.R.B. 912 (1944), the Board held that if the employer pleads misconduct as a justification for discharge of a striker, the burden of proving the misconduct is on the employer. Later, in *Rubin Brothers Footwear, Inc.,* 99 N.L.R.B. 610 (1952), the Board held that:

> We are now of the opinion that the honest belief of an employer that striking employees have engaged in misconduct provides an adequate defense to a charge of discrimination in refusing to reinstate such employees, unless it *affirmatively* appears that such misconduct did not in fact occur. We thus hold that once such an honest belief is established, the General Counsel must go forward with evidence to prove that the employees did not, in fact, engage in such misconduct. The employer then, of course, may rebut the General Counsel's case with evidence that the unlawful conduct actually did occur. At all times, the burden of proving discrimination is that of the General Counsel. This modification of the *Mid-Continent* rule does no more than recognize the true nature of the General Counsel's obligation to establish all the essential elements of a charge that discrimination has occurred when a striking employee is refused his job. It merely places an employee's honestly asserted belief in its true setting by crediting it with *prima facie* validity.

> (Emphasis in original).

In the present case, the ALJ and the Board based their decision on a lack of evidence as to what precisely was thrown by the two discharged employees. As to the August 1, 1980 incident, the ALJ concluded that "for all we know, it [the object] may have been a piece of styrofoam." The ALJ did not decide whether the employer had established an honest belief of serious misconduct. He held that the reports given by the security guards to Schreiber might or might not have established an honest belief that the two strikers had been guilty of such misconduct but that, in any event, "the evidence does not establish that the two employees engaged in conduct of the disqualifying kind."

The problem with this approach is that it placed the burden of proving misconduct on the employer, contrary to the Board's decision in *Rubin Brothers, supra.* To the degree that there was a lack of evidence (and we note that the credited evidence is strongly in favor of Schreiber), this issue should have been resolved in favor of the employer, since the General Counsel had the burden of proof on this question. The General Counsel has the burden of persuasion, not merely of going forward with the evidence. *See General Telephone Co. of Michigan,* 251 N.L.R.B. 737, 740 (1980) ("it is the General Counsel's responsibility to show that the disciplined employees, in fact, did not engage in the misconduct in issue"). This burden extends both to the question of whether the conduct in fact occurred and to whether it was so serious as to warrant discharge. *See Dallas General Drivers, Local Union No. 745 v. NLRB,* 389 F.2d 553, 554 (D.C.Cir.1968) (Board did not err in holding that the burden of proving innocence of strike conduct shifted to the General Counsel upon proof of a good faith belief by the employer that such misconduct had occurred.)

In *American Cyanamide Co.,* 239 N.L.R.B. 440, 442 (1978), the Board stated the rule as follows:

[I]t is well settled that where an employer disciplines an employee because he has engaged in an economic strike, such violates Section 8(a)(3) of the Act. This may be defended by a showing of a good-faith belief that the employee was guilty of sufficient misconduct to render him unemployable. If the respondent is able to meet this burden, then the General Counsel must come forward with evidence to deny that the employee did what he was claimed to have done and/or that the activity was not sufficient to justify his discharge. The burden would then return to the respondent to rebut such denials. *Rubin Brothers Footwear, Inc., and Rubin Bros. Footwear, Inc.,* 99 NLRB 610 (1952).

Thus the ultimate burden of proof was on the General Counsel to show either that no misconduct occurred or that whatever misconduct did occur was not sufficiently serious to warrant a discharge. In the present case the General Counsel presented no evidence, apart from the discredited testimony of the two discharged employees, to negate the employer's showing of an honest belief of misconduct.

Although he had discredited the testimony of the two discharged employees, the ALJ relied upon it in an effort to reconcile his ultimate conclusion with the proper burden of proof:

[I]t may be said that even if Respondent properly established an 'honest belief' of serious misconduct, General Counsel successfully, if prematurely, carried the burden of presenting 'evidence that either the employee did not engage in the conduct asserted, or that such conduct was protected,' by virtue of the testimony of Pinkston and Brewer. Even though I ultimately have discredited their denials of having thrown something, their uncontradicted evidence as of the conclusion of General Counsel's case clearly shifted the burden 'back to the employer to rebut such evidence.' But in presenting the testimony of the guards for that purpose, Respondent failed to establish that the employees had engaged in serious strike misconduct, as discussed above.

The record demonstrates that Schreiber made a sufficient showing to establish its

honest belief that the two strikers had engaged in serious misconduct while picketing. Based on the reports of security guards, there was good reason for Schreiber to believe that these two strikers had engaged in throwing of rocks or other similar objects. We reemphasize that such misconduct has been held by this Circuit to be so serious as to justify a discharge. *See, e.g., W.J. Ruscoe Co. v. NLRB, supra,* 406 F.2d 725 (6th Cir.1969).

The General Counsel had the burden of presenting credible evidence to rebut the employer's showing of an honest belief. In the present case the ALJ stated that the employer "failed to establish that the employees had engaged in serious strike misconduct." After the employer had established a basis for an honest belief that the employees had engaged in serious misconduct, the burden of proof was on the General Counsel to establish that the employees did not participate in such conduct. The statements of the ALJ that for all he knew, Pinkston could have thrown a piece of styrofoam at Williams' car, or that the two strikers may have been "lofting" some objects, "possibly pebbles", are not legitimate inferences to be drawn from the evidence.

We conclude that the ALJ and the Board erred in their allocation of the burden of proof. This further substantiates the conclusion that the decision of the Board is not supported by substantial evidence on the record considered as a whole.

Enforcement of the order of the Board is denied. No costs are taxed. The parties will bear their own costs in this Court.